UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BENJAMIN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-2795 (RBW) |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO GOTTESFELD'S MOTION TO INTERVENE

Martin Gottesfeld ("Gottsfeld"), a federal inmate currently incarcerated in the Bureau of Prisons ("BOP"), has moved to intervene in this action. ECF No. 6. The Court should deny this motion. Gottsfeld cites only Federal Rule of Civil Procedure ("Rule") 24(a), which allows intervention as of right. Gottsfeld is not entitled to intervene as of right in this action because he does not share an interest in property or a transaction with the existing Plaintiff and the disposition of this action will not impact the movants right to relief on his claims. In addition, the Court should not permit Gottesfeld to do so under the discretionary section of Rule 24 because he is pursuing a distinct and independent claim for relief. If movant has cognizable claims, he can and should bring an original action.

## BACKGROUND

Plaintiff Benjamin Brown ("Plaintiff") filed this action against BOP alleging violations of his own First Amendment rights and the FOIA. Specifically, Brown contends that the BOP has unlawfully obstructed his communication with Martin Gottesfeld, a federal inmate currently incarcerated in the BOP. *See* ECF No. 24 – Amended Complaint ("Amend. Compl.") ¶¶ 1-4,

6. In addition, Brown alleges the BOP has failed to fully respond to his FOIA request seeking documents related to Gottesfeld's incarceration. *Id.* ¶ 5.

Gottesfeld is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCC Terre Haute"). On August 1, 2018, Gottesfeld was convicted of conspiracy to intentionally damage protected computers and the intentional damage to protected computers. *See United States v. Gottesfeld*, No. 16 Cr. 10305 (D. Mass. Aug. 1, 2018). Gottesfeld was sentenced to a 121-month term of imprisonment. *Id.* Gottesfeld was assigned to the BOP's CMU located at FCC Terre Haute, and has been incarcerated in that unit since April 1, 2019. *See* ECF 7-3, Inmate History.

A CMU is a general population housing unit where inmates ordinarily reside, eat, and participate in all educational, recreational, religious, visiting, unit management, and work programming, within the confines of the CMU. *See* 28 C.F.R. § 540.200. The purpose of the CMU is to provide an inmate housing unit environment that enables staff to more effectively monitor communication between inmates in CMUs and persons in the community. *Id.* The ability to monitor such communication is necessary to ensure the safety, security, and orderly operation of correctional facilities and protection of the public. The volume, frequency, and methods, of CMU inmate contact with persons in the community may be limited as necessary to achieve the goal of total monitoring. *Id.* Inmates incarcerated at a CMU maintain the ability to communicate with family members via written correspondence, electronic messaging, telephone communication, and social visits at the discretion of the Warden. *See* 28 C.F.R. §540.203-205.

On February 18, 2020, Plaintiff filed an Amended Complaint[1], in this court alleging that

---

[1] On September 18, 2019, Brown filed his original Complaint. Then on February 18, 2020, Brown moved to file an amended complaint. *See* Plaintiff's Motion for Leave to File an Amended

Defendant had: (1) obstructed Brown's First Amendment rights by blocking his communication with Gottesfeld, and (2) failed to respond fully to Brown's March 12, 2019 Freedom of Information Act ("FOIA") request. *See* Amend. Compl., ECF 24, ¶¶ 1-6.

Gottesfield filed a Motion to Intervene[2] ("Motion") as of right, pursuant to Rule 24(a)(2), regarding his First Amendment Rights. *See* ECF No. 6. Specifically, Gottesfield moved to intervene, to "protect his first amendment rights to free speech, freedom of association, familial consortium, freedom of press, and his right to petition the government for redress of his grievances." *Id*. at 1. Gottesfeld claims that "disposing of the instant case would as a practical matter impair or impede [Gottesfeld's] ability to protect his interests." *Id*. Gottesfeld also claims that "the existing parties cannot adequately represent his interests." *Id*.

Gottesfeld's motion to intervene lists incidents related to: (1) his incarceration at BOP's CMU, whereby he has been "restrained by BOP from assisting other inmates with legal matters" (*see* ECF 6 at 4), (2) "BOP's policies regarding the composition, delivery and post hoc modification of incident reports," (*id*.), (3) "being transferred to BOP's CMU," (*see id*. at 9, ¶ 16), (4) his "inability to publish articles" (*see id*. ¶ 52), (5) being "threatened by BOP over contents of court filings" (*see id*. 57), and (6) being punished by BOP (*see id*. ¶). Although there is small overlap in the factual and legal basis between Gottesfeld's claims and Brown's existing claims, as discussed in detail below, nothing about these claims require that they be heard together.

## ARGUMENT

The Federal Rules of Civil Procedure require a court to allow anyone to intervene as of

---

Complaint ("Pl.'s Mot."), ECF No. 11. BOP did not oppose this request and the Court accepted the amended complaint. *See* ECF No. 21 and Court's Minute Order dated April 13, 2020.

[2] Mr. Gottesfeld's Motion to Intervene addresses only First Amendment Claims. It does not seek to intervene in the FOIA portion of this claim. *See* ECF No. 6 - Motion generally.

right who "claims an interest relating to the property or transaction that is the subject of the action," and who is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless "existing parties adequately represent that interest."  Rule 24(a)(2); *See 100Reporters LLC v. DOJ*, 248 F. Supp. 3d 115, Civil A. No. 14-1264, (D.C. Cir. 2017); see also *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)).  Intervention as of right depends on four factors: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interest." *Deutsche Bank*, 717 F.3d at 192.

Alternatively, Rule 24(b) authorizes permissive intervention if the putative intervener satisfies the following requirements: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C.Cir.1998).  Moreover, a court must determine whether the proposed intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). "Permissive intervention is 'inherently discretionary,' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements." *Garcia v. Vilsack*, 304 F.R.D. 77, 81 (D.D.C. 2014), *aff'd*, Civ. A. No. 14-5175, 2014 WL 6725751 (D.C. Cir. Nov. 18, 2014) (quoting *Nat'l Children's Ctr., Inc.*, 146 F.3d at 1046).  *Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting *Karsner v. Lothian*, 532 F.3d 876.

### 1. GOTTESFELD IS NOT ENTITLED TO INTERVENE AS OF RIGHT BECAUSE THE OUTCOME OF HIS ACTION WILL NOT IMPAIR OR IMPEDE HIS ABILITY TO PURSUE HIS CLAIMS.

Gottesfeld is not entitled to intervene as of right under Rule 24(a).  To qualify for intervention as of right, a party must show 1) an interest in the property or transaction at issue in the action; 2) that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest and (3) that their interest may not be adequately represented by existing parties.  *See 100Reporters LLC v. DOJ*, 248 F.Supp.3d 115, (D.C. Cir. 2017); *see also Fund for Animals v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).  However, Gottesfeld alleges independent legal claims that he can and should pursue in an independent action.  Hence, he does not meet the requirements for intervention as of right.

Gottesfeld cannot meet either of the first two requirements for intervention as of right.  As an initial matter, there is no single item of property or transaction at issue in this action. To the contrary, the claims purportedly arise from a wide-spread policy of treatment at BOP's CMU over the course of several years.  *See* Motion at 2.  Gottesfeld personally claims that he has suffered a cognizable injury because of this policy.  Consequently, he has an independent right of action that he allegedly can pursue regardless of the outcome of this proceeding.

The manner in which Gottesfeld addresses the third requirement only reinforces this fatal flaw.  He argues that he will not be adequately represented by the current Plaintiff "because of the individual nature of the claims." *Id*. at 1.  Gottesfeld is correct that his claims are distinct from the claims currently at issue in this action.  Consequently, he is not entitled to intervene as of right under Rule 24(a).

**2. ALTERNATIVELY, THE COURT SHOULD DENY ANY REQUEST FOR PERMISSIVE INTERVENTION BECAUSE GOTTESFELD CAN PURSUE HIS RIGHTS INDEPENDENTLY.**

Permission intervention is also inappropriate here. "The threshold requirement under Rule 24(b)(2) is that the applicant's claim or defense "ha[s] a question of fact or law in common with those of the 'main action.'" *Mass. School of Law at Andover, Inc. ("MSL") v. United States*, 118 F.3d 776, 782 (D.C.Cir.1997). Gottesfeld makes no showing that he meets this requirement beyond the allegations in the "complaint in intervention." Moreover, "as its name would suggest, permissive intervention is an inherently discretionary enterprise" and the Court may deny a motion for permissive intervention even where the putative intervenors meet the bare requirements of the Rule. *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C.Cir.1998). The Court, in its discretion, should deny intervention here.

Gottesfeld is seeking to advance personal claims of First Amendment violations as a Federal inmate. Brown is alleging that his First Amendment rights regarding interactions with Gottesfled, has been violated. Although Gottesfeld's allegations have some factual overlap, Gottesfeld's claims are legally distinct and include numerous factual allegations that are not in Brown's case. For example, Gottesfeld's motion to intervene lists incidents related to his incarceration at BOP's Communications Management Unit ("CMU"), whereby he has been "restrained by BOP from assisting other inmates with legal matters" (*see* ECF 6 at 4), BOP's policies regarding the composition, delivery and post hoc modification of incident reports," (*id*.), being transferred to BOP's CMU (*see id*. at 9, ¶ 16), his "inability to publish articles" (*see id*. ¶ 52), being "threatened by BOP over contents of court filings" (*see id*. 57), and being punished by BOP (*see id*. ¶). Thus, Gottesfield's motion, if granted, would drastically alter the instant matter and therefore should be denied. His first amendment claims, if any, are separate and apart from

Browns First Amendment claims that appear to be limited to mere contact with Gottesfeld. These diverging claims are different and should be pursued separately. In addition, if Gottesfeld is allowed to intervene, the venue of the lawsuit should probably be transferred to Indiana, where the institution is located.

Allowing Gottesfeld to intervene in this suit will expand the scope of the issues before the Court, change the venue of the suit and delay the current proceedings. Gottesfeld has not provided any explanation for why he should be allowed to join this suit, rather than pursue his own claims independently. There is no prejudice in requiring him to so.

## CONCLUSION

For the foregoing reasons, the Court should deny Gottesfeld's motion to intervene in this proceeding.

Dated: April 16, 2020
Washington, DC

Respectfully submitted,

TIMOTHY J. SHEA, D.C. Bar # 437437
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ PATRICIA K. MCBRIDE
PATRICIA K. MCBRIDE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7123
patricia.mcbride@usdoj.gov

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2020, a true and correct copy of the above Defendant's Opposition to Gottesfeld's Motion to Intervene, and proposed order were mailed by U.S. Mail, first class to:

BENJAMIN BROWN
155 Ferris Avenue
Apt. 9a
White Plains, NY 10603

MARTIN GOTTESFELD, 2982104
Terre Haute FCI
UNT: CMU
4200 Bureau Road North
Terre Haute, IN 47808

*Pro se*

                                            /s/
                                 PATRICIA K. MCBRIDE,
                                 Assistant United States Attorney