UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Benjamin Brown, pro se,
Plaintiff,

v.

Federal Bureau of Prisons,
Defendant.

Case No.: 19-cv-02795 (RBW)

## MOTION FOR AN EXTENSION OF TIME

Potential-intervenor and claimant Martin S. Gottesfeld (herein "the claimant"), acting pro se, hereby moves The Honorable Court for extensions of time until Monday, July 13th, 2020, for him (1) to reply to the defendant's opposition (docket entry (D.E.) 25; April 16th, 2020) to his motions to intervene (D.E. 6 and 6-1; November 4th, 2019); and (2) to oppose or otherwise to respond to the defendant's motion to dismiss (D.E. 27; May 22nd, 2020), or move for leave to do so, based upon legal research to be conducted as to the appropriate procedure.

In support of this motion, the claimant herewith provides and respectfully directs The Court's attention to Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Thursday, June 4th, 2020).

Should The Court be left with any questions, the claimant requests a brief telephonic hearing and that it order the defendant to produce the claimant for such hearing.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4792 9879 18, handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the defendant on Thursday, June 4th, 2020, or the first opportunity thereafter,

by: /s/ M.G.
_____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, hereby certify that I served a copy of the foregoing document on counsel for the defendant in the above-captioned case via in-hand delivery to his/her agent Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of The United States and the defendant's counsel on Thursday, June 4th, 2020, or the first opportunity thereafter, and that I was willing but unable to mail an additional copy to counsel for the defendant because the defendant violates 28 C.F.R. § 543.11(g) by refusing to make more than one (1) copy of my court filings.

by: /s/ MG
Martin S. Gottesfeld, pro se

I, Martin S. Gottesfeld, pro se, further certify that on Friday, June 5th, 2020, agent of the defendant Ms. Jamie Wheeler told me that the computers necessary to process prisoner mail were down and that no mail would be processed until — at the earliest — Monday, June 8th, 2020; I then secured the copies necessary to serve the parties on Saturday, June 6th, 2020, and ~~made~~ completed service by mail simultaneously with mailing this filing to Court.

3 of 3
3 of 10

by: /s/ MG                                    2020-06-06 (Sat.)
Martin S. Gottesfeld, pro se

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746(1) on this fourth (4th) day of June, 2020:

1. I am Martin S. Gottesfeld and I am the potential intervenor in the case of Brown v. Federal Bureau of Prisons, 19-cv-02795-RBW (herein "the case"), currently pending before The Honorable U.S. District Court for the District of Columbia (herein "The Court").

2. I planned to commence composition of my reply to docket entry (D.E.) 25 on Tuesday, June 2nd, 2020, (please cf. D.E. 26 at 5 of 7 ¶11), however I have been locked down since 9:45 A.M. Sunday, May 31st, 2020, without any access whatsoever to the law library.

3. Agent of the defendant Brian Lammer was scheduled to evaluate the status of the coronavirus pandemic, and, hopefully, to relax the twenty-two-(22)-hour-per-day institution-wide lockdown on Monday, June 1st, 2020.

4. Instead, however, the defendant instituted a nation-wide twenty-four-(24)-hour-per-day lockdown on Monday, June 1st, 2020, but it did not provide me details until the next day.

5. Also on Monday, June 1st, 2020, I received for the first time, from counsel for the defendant in the case, a copy of DEFENDANT'S MOTION TO DISMISS, OR IN

THE ALTERNATIVE, FOR SUMMARY JUDGMENT (D.E. 27).

6. The envelope bearing to me the defendant's motion was postmarked "05/22/2020," i.e., the same date the motion was filed and entered.

7. The envelope was marked received by FCI Terre Haute on May 29th, 2020, and it was opened, its contents read and digitally preserved by the defendant outside my presence, but I was not provided this mailing for another three (3) days.

8. Such delays occur regularly and, indeed, sometimes I wait weeks for filings to be marshaled between myself and the postal service by the defendant.

9. On Tuesday, June 2nd, 2020, an agent of the defendant delivered to me an FCC Terre Haute Inmate Bulletin captioned Nation-Wide Lock Down.

10. The Bulletin alludes to the police homicide of Mr. George Floyd and notes, "peaceful protests have turned into violently charged demonstrations."

11. The bulletin further states (emphasis added), "In an effort to maintain the safety and security of the institution, a lock down has been initiated. This lock down is not punitive. This is not intended to be a long-term lockdown. We anticipate to return to a less restrictive operation in the near future..."

12. Based upon the above-quoted assurances, I hoped to be able to meet the Monday, June 15th, 2020, filing deadline. (Please cf. 4:21 P.M. April 30th, 2020, MINUTE ORDER re D.E. 26.)

13. I have left my cell twice since 9:45 A.M. Sunday

May 31st, 2020: once, on Wednesday, June 3rd, 2020, to shower, empty garbage, and get ice; and the second time, today, for an attorney call; again, I've had no access to the law library during this time.

14. Today, I learned for the first time, from my attorney, that the defendant announced the total lockdown will last at least two (2) weeks despite the above-quoted assurances; this means it won't end until Monday, June ~~~~ 15th, 2020, at the earliest, i.e. the filing deadline.

15. When I anticipated filing my reply on or before Monday, June 15th, 2020, I secured an extension of time in another case, Gottesfeld v. B. Lammer, 2:20-cv-00012-JRS-MJD (S.D. Ind.), until Monday, June 29th, 2020.

16. If the lockdown indeed ends on Monday, June 15th, 2020, then I anticipate my reply in the other case will consume all of my law-library time up through and including Monday, June 29th, 2020, and the earliest I could file my reply and other response in this case is Monday, July 13th, 2020.

17. I wish to respond to the defendant's motion to dismiss because I, but not the plaintiff, can refute several of the defendant's materially false and misleading statements of supposed facts proffered therein.

18. The defendant, for example, strongly ~~~~ and falsely insinuates that I requested protective custody (P.C.) when I have, in reality, never done so, and while the defendant feigns concern for my safety, in order illegitimately

to withhold disclosure that I've never requested P.C., the defendant's false insinuations of such actually endanger me, as did the defendant's deliberate choice to designate me as a first-time prisoner accused of non-violent white-collar offenses to a maximum-security unit with both neo-Nazis and radical-Islamic anti-Israeli terrorists — even though I and my wife are non-violent Jews — and this unit also houses convicted spies, including Aldrich Ames, arsonists, and sexual predators, including Robert Decker, aka Roberto Compoos Lopez. [MSU 2020-06-07]

19. Indeed, shortly before I arrived in this unit, radical-Islamic militant Rodney Curtis Hamrick stabbed white-collar prisoner Richard Eugene Weaver approximately a dozen times, nearly killing him, on the same night he executed Robert David Neal — a former insurance executive — ISIS-style by nearly beheading him, inside the same cell I now occupy.

20. Yet here I am — having never ever requested protective custody.

21. Moreover, the defendant falsely claims there are separation orders requiring my segregation from specific federal prisoners; when no such orders exist and I have never ever requested such an order.

22. Indeed, were I to ever request such an order, it is axiomatic I would request it against neo-Nazis and anti-Israeli terrorists, convicted traitors, arsonists, and sexual predators — all of which roam this unit along with non-violent white-collar first-time offenders. Because the defendant — in reality — cares about my safety no more than it cared about Robert David Neal's.

23. For another example, an agent of the defendant falsely claimed under the penalty of perjury that at the time of the relevant search for responsive documents pursuant to FOIA I had not filed a single grievance. D.E. 27-5 ¶ 25.

24. The same declarant, however, admits that processing of the plaintiff's FOIA requests commenced after the plaintiff filed the case. Id. ¶ 16.

25. The plaintiff filed the case on September 18th, 2019. Instant docket report.

26. Therefore, the time of the search relevant to D.E. 27-5 ¶ 25 could not have been before September 18th, 2019.

27. Three (3) months before the defendant breathlessly tried to mislead this Court with D.E. 27-5 ¶ 25, however the defendant, through another of its agents, declared under penalty of perjury to The Honorable U.S. District Court for The Southern District of Indiana that I had filed multiple grievances. Gottesfeld v. B. Lammer, 2:20-cv-00012-JRS-MJD, D.E. 27-1 at 3 ¶ 6 (S.D. Ind. February 21, 2020) and id. D.E. 27-1 at 50-60.

28. The defendant insinuates that I have a history of using prison communications to further criminal activities, but this too is false; I've never been charged with using prison communications to further criminal activities.

29. The defendant claims the CMU is a "general population" unit, but its agents swore the opposite to another federal court in a different case. (I cannot send along the relevant

document because I now have no access to a photocopier, otherwise I would include it herewith.)

30. The defendant proffers the non-sequiter that it hasn't refused the plaintiff an in-person visit, when, constructively, it denies me all in-person social visits by maliciously keeping me more than Five hundred (500) driving miles from home — in contradiction of its normal statutory practice.

31. The defendant misleadingly cites to Aref v. Holder (D.D.C.) while omitting both that this judgment was reversed sub nom. Aref v. Lynch (D.C. Cir. 2016) on Due Process grounds that are relevant to the instant case as well as the irrelevant responsive documents; again, without a copier, I cannot file them herewith, but for an incomplete example, please cf. Gottesfeld v. B. Lammer D.B. 18 at 23, 32-38.

32. The defendant misconstrues Procunier v. Martinez while it withholds the evidence from the plaintiff that it is obligated to produce under FOIA showing how it chills my speech, and thereby violates the plaintiff's right pursuant to U.S. Const. amend. I to receive replies to his letters that I dare not write due to the illegal conduct of the defendant. Gottesfeld v. Lammer D.B. 18 at 32-38.

33. Indeed, the defendant is engaged in a host of illegal activities and disclosure of the names of the relevant agents is in the public interest.

34. The FCI Terre Haute, Indiana, legal department, for example, employs Katherine Siereveld who misrepresented herself before a local state court — where the federal-practice exemption is inapplicable — as a "Senior Attorney"

when in reality, she is not licensed to practice law in Indiana.

35. Moreover, I believe Katherine Siereveld is not licensed to practice law in any U.S. jurisdiction, yet her name is redacted in responsive documents wherein she incurred potential financial damages liability on behalf of American taxpayers.

36. The taxpayers have a public interest in learning who is practicing law on their behalf without a license ~~or for too this same~~ and incurring civil-rights liability for which they will provide indemnification.

37. While I'm aware of the above facts, I'm now unable to lookup the relevant rules, statutes, and case law to compose a robust filing.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States. Executed on Thursday June 4th, 2020.

by: [signature]
Martin S. Gottesfeld