UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN BROWN, pro se,
Plaintiff,

v.

FEDERAL BUREAU OF
PRISONS,
Defendant.

Case No. 19-cv-02795 (RBW)

### NOTICE OF FILING

Proposed-intervenor and Claimant Martin S. Gottesfeld (herein the "claimant"), acting pro se, hereby notifies The Honorable Court and the parties of his filing of Exhibit 1 hereto, Martin S. Gottesfeld, Regional Administrative Remedy Appeal (Tuesday, July 7th, 2020); and Exhibit 2 hereto, Martin S. Gottesfeld, Declaration (Tuesday, July 7th, 2020).

The claimant will cite to these materials in his upcoming reply in support of his motions to intervene (docket entry (D.E.) 6 and D.E. 6-1). He herein brings no motion at this time.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4792 9874 06, handed to Ms.

RECEIVED Mail Room JUL 13 2020 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

1 of 2
1 of 10

Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the defendant on Tuesday, July 7th, 2020, or the first opportunity thereafter.

by: /s/
Martin S. Gottesfeld, pro se
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

### CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, certify that I mailed copies of the foregoing document to the plaintiff and counsel for the defendant in the above-captioned case in envelopes bearing sufficient affixed pre-paid first-class U.S. postage, handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of The United States and of the defendant's counsel on Tuesday, July 7th, 2020, or the first opportunity thereafter.

by: /s/
Martin S. Gottesfeld, pro se

**U.S. Department of Justice**

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Gottesfeld, Martin, S.__   __12982-104__   __D/CMU__   __FCI-THA__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**  The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed each and every specific complaint. Moreover, the procedure Warden Brian Lammer proffers does not exist and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] specifically forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superceding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.
NO RETALIATION PLEASE.

July 7th, 2020 (Tue.)    _[signature]_
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**



DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

3 of 10

DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☒ Institution   ☐ Region   ☐ Central
____CMU____ Unit

# Receipt of Administrative Remedy

Inmate Name: _Gottesfeld, Martin_   Reg. No.: _12982-104_

Administrative Remedy No.: _1000236-F1_

Received on this __7th__ day of __July__, 2020.

_Pe   cs~_
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by __7/17__, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

**Inmate Copy**

4 of 10

Remedy No.:  1000236-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 10, 2019, in which you allege that you do not have a confidential way to make a PREA complaint. For relief, you request to be able to make a PREA report confidentially.

A review of your request reveals the CMU is established to house inmates who require increased monitoring of communications with persons in the community to protect the safety, security and orderly operation of Bureau facilities, and to protect the public. You and the other CMU inmates are permitted to submit a PREA complaint to OIG without review by staff in a manner consistent with Program Statement 5214.02, Communications Management Units. You may draft a PREA complaint and provide it to staff in an unopened envelope so they may scan the document for contraband prior to it being sealed for mailing, similar to the processing of mail to or from an attorney. The complaint will then be mailed to the outside entity for processing as they deem appropriate, which may include an independent or local investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_5/25/20_
Date

B. Lammer, Warden

**U.S. DEPARTMENT OF JUSTICE**            **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Gottesfeld, Martin, S.**    **12982-104**    **D/CMU**    **FCI-THA**
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST  Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

I filed the BP-8 that corresponds to this BP-9 more than eleven (11) days ago and never heard back. I thus take the lack of response to my attempt at informal resolution as a denial thereof and file this BP-9.

There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

NO RETALIATION PLEASE.

Sun., Dec. 8th, 2019
    DATE            SIGNATURE OF REQUESTER

Part B- RESPONSE

*Rec'd 12-9-19*

    DATE            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

CASE NUMBER: **1000236-F1**

Part C- RECEIPT
Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

    DATE            RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Attachment 1

## FCC Terre Haute

## Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: Tue., Nov. 26th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint: There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

**Section 1b:** Briefly state the resolution you request: Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

Inmate Signature:

Counselor Printed Name/Signature:

**Section 2: Department Assigned**

Date Assigned: | | | Date Due:

| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
|---|---|---|---|
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | | | | Date: | |
|---|---|---|---|---|---|
| Staff Signature: | | | | Date: | |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-9-19 | | | | | |
| Time | 1300 | | | | | |
| Staff | R. Eisele | | | | | |

6 of 6

Martin S. Gottesfeld
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808



USPS TRACKING #
9114 9023 0722 4792 9874 44

⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

ARP No. 1000236-F1

Tuesday, July 7th, 2020; <u>Houston v. Lack</u>, 487 U.S. 266 (1988)

2020-07-07 (Tue)
BP-10 - PREA Hotlines
ARP No. 1000236-F1

8 of 10

Exhibit 2

## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746(1) on this seventh (7th) day of July, 2020:

1. I am Martin S. Gottesfeld and I am the proposed intervenor in the case of Brown v. Federal Bureau of Prisons, 19-cv-02795-RBW (herein "the case"), currently pending before The Honorable U.S. District Court for The District of Columbia (herein "The Court").

2. Exhibit 1 to this filing is a regional administrative-remedy appeal that I provided to prison officials today for mailing.

3. Exhibit 1 to this filing deals with the unlawful suppression by the defendant of my anonymous reporting to entities outside the FCI Terre Haute CMU of PRBA violations and is relevant and admissible in the case because it further demonstrates the unlawful prior restraints the defendant works upon my protected speech.

4. Exhibit 1 to this filing further demonstrates what the defendant is still hiding from the plaintiff by refusing to answer his FOIA request for my administrative remedies.

5. Within hours of receiving the BP-9 found in Exhibit 1 to this filing, and despite — or more precisely

perhaps exactly because of — my request therein, "NO RETALIATION PLEASE," the defendant unlawfully put me in solitary confinement under a thin and unconstitutional pretext.

6. My placement in the SHU in retaliation against my protected speech and petitions is the subject of another case, Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (S.D. Ind.), seeking a different remedy inadequate to dispose of the instant case.

7. The defendant later made Mr. Todd Royer, the PREA complainee, my unit manager.

8. The defendant first ducked the BP-8 contained in Exhibit 1 to this filing by refusing to answer it, then took over 3 months to compose a response and only did so due to pending litigation, but then took over another 3 months to provide me this response.

9. I only feel comfortable mailing Exhibit 1 to this filing under the watchful eyes of the courts and I otherwise would not do so for fear of further retaliation by the defendant.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States, Executed on Tuesday, July 7th, 2020.

by _____
Martin S. Gottesfeld, pro se