UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN BROWN,
pro se, Plaintiff,
v.
FEDERAL BUREAU OF PRISONS,
Defendant.

Civil No. 19-2795 (RBW)

## MOTION FOR CLARIFICATION

Proposed-intervenor and claimant Martin S. Gottesfeld (herein the "claimant"), acting pro se, hereby moves The Honorable Court to clarify its order, dkt. 35.

In support of this motion, the claimant herewith provides and respectfully directs the Court's attention to Exhibit 1, Declaration of Martin S. Gottesfeld (August 25, 2020).

Given the relevant procedural history and the circumstances detailed in Exhibit 1 that are not open to legitimate dispute, the unrepresented, incarcerated claimant is unaware how he can comply with The Court's order, dkt. 35, without waiving Constitutional rights he politely but steadfastly is unwilling to waive, to wit access to a prison law library and jailhouse lawyers to reply adequately to the defendant's potentially dispositive opposition to his motions to

intervene. Please cf., inter alia, Johnson v. Avery, 393 U.S. 483 (1969); Wolff v. McDonnell, 418 U.S. 539 (1974); and Bounds v. Smith, 430 U.S. 817 (1977). The prejudice to the claimant forcing him to reply without legal resources appears manifest, e.g. Dkt. 13 § 10(i).

Therefore the claimant deduces The Court, with its superior legal prowess, contemplates avenues available to the claimant that elude his own acumen. He respectfully asks The Court how it envisions he proceed.

Respectfully filed under the prison-mailbox rule; Houston v. Lack, 487 U.S. 266 (1988); by mailing to The Court in an envelope bearing sufficient affixed prepaid First Class U.S. postage and tracking no. 9114 9023 0722 4290 6096 40, handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendant Tuesday, August 25, 2020, or the first opportunity thereafter,

by: /s/ MSG
Martin S. Gottesfeld, pro se
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN BROWN,
pro se, Plaintiff,

v.                                          Civil No. 19-2795 (RBW)

FEDERAL BUREAU
OF PRISONS,
Defendant.

ORDER

Upon consideration of the foregoing MOTION FOR CLARIFICATION, it is hereby

ORDERED the motion is GRANTED. It is further

ORDERED the proposed intervenor proceed as follows

It is further ORDERED that the Clerk of the Court forthwith mail copies of this Order to the plaintiff's and the proposed intervenor's addresses on record.

SO ORDERED this ___ day of _____, 2020.

REGGIE B. WALTON
United States District Judge

Exhibit 1

## Declaration of Martin S. Gottesfeld

I declare as follows pursuant to 28 U.S.C. § 1746(1):

1. I am Martin S. Gottesfeld, the proposed intervenor in Brown v. Federal Bureau of Prisons, 19-cv-02795-RBW (herein "the case"), pending before The Honorable U.S. District Court for The District of Columbia (herein "The Court").

2. Today, Tuesday, August 25, 2020, I received for the first time The Court's August 18th order, dkt. 35, having no prior knowledge of it.

3. The envelope bearing to me The Court's order was postmarked Wednesday, August 19, 2020, and other markings thereon are meant to lead me to believe it was received at the institution yesterday, Monday, August 24th.

4. The docket numbers indicate when The Court entered dkt. 35 it was yet to receive one of my filings:
  Dkt. 33 - The Court's order July 28, 2020
  Dkt. unknown - Motion for extension mailed/filed August 3rd
  Dkt. unknown - Motion for extension mailed/filed August 9th
  Dkt. 35 - The Court's order August 18, 2020

5. Based upon the contents of dkt. 35, however, dkt. 34 is likely the motion mailed/filed August 9, 2020, bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9877 65 and the motion likely missing was mailed/filed August 3rd bearing tracking no. 9114 9023 0722 4290 6094 73.

6. Ostensibly due to a new confirmed case of Covid-19

inside the institution, my unit has been totally locked down and I have left my cell only twice since 3:00 P.M. Tuesday, August 18, 2020, each time briefly, only to shower.

7. I have absolutely no access to the law library.

8. I have absolutely no access to consult jailhouse lawyers.

9. Although the defendant purports to wish to resume "less restrictive operations" in the near future, I remain unaware when exactly that might happen and what level of access, if any, the defendant will allow me to the law library and jailhouse lawyers.

10. In any event, however, the defendant is unlikely to ease the lockdown before the scheduled lethal injections of Mr. Lezmond Mitchell tomorrow, August 26, 2020, and Mr. Keith Dwayne Nelson Friday, August 28, 2020.

11. If thereafter the defendant allows me adequate access to the law library and jailhouse lawyers and I am thereby able to meet The Court's deadline Tuesday, September 1, 2020, then I will certainly do so, though this prospect seems unlikely.

12. During this and other lockdowns, the defendant deprives me of direct access to a photocopier and refuses to make sufficient copies of my filings for me to mail copies to the parties.

13. Nonetheless, I will mail an incomplete notice of this filing to the plaintiff and refer him to PACER and counsel for the defendant will be noticed via

28 C.F.R. § 540.203.

I declare the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed Tuesday, August 25, 2020.

by: /s/ MSG
Martin S. Gottesfeld





12982-104
U S Dist Court
Office of the Clerk
333 Constitution AVE NW
Washington, DC 20001-2866
United States

Martin S. Gottesfeld
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

USPS TRACKING #
9114 9023 0722 4290 6096 40

Tuesday, August 25, 2020; Houston v. Lack, 487 U.S. 266 (1988)