UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-2795 (RBW) |
| FEDERAL BUREAU OF PRISONS, | ) ) ) |
| Defendant. | ) ) |

# ORDER

The Court requiring addition information before resolving the proposed intervenor's Motion to Intervene, it is hereby

**ORDERED** that the status conference set for March 5, 2021, is **VACATED**. It is further

**ORDERED** that the parties shall appear before the Court for a motion hearing on March 17, 2021, at 2:00 p.m., via teleconference, by calling 1-877-873-8017 and entering the Court's access code (8583213) followed by the pound key (#). It is further

**ORDERED** that, in light of the Court's May 28, 2020 Order vacating all deadlines regarding oppositions and replies to the pending motion to dismiss and the pending hearing on the proposed intervenor's Motion to Intervene, the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, ECF No. 27, is **DENIED WITHOUT PREJUDICE**.[1] It is further

**ORDERED** that the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, ECF No. 7, is **DENIED AS MOOT**. It is further

---

[1] Should the defendant elect to pursue the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment as originally filed following the Court's determination on the proposed intervenor's motion to intervene, the defendant shall so advise the Court and the defendant's motion will be reinstated.


**ORDERED** that the proposed intervenor's (1) Claim for Mandatory Judicial Notice, ECF No. 16, and (2) Claim for Mandatory Judicial Notice, ECF No. 18, are **DENIED**.[2]  It is further

**ORDERED** that, in light of the Court's September 2, 2020 Order denying the proposed intervenor's fifth extension motion regarding a reply in support of his Motion to Intervene, the proposed intervenor's Motion for Clarification, ECF No. 38, is **DENIED AS MOOT**.  It is further

**ORDERED** that the Clerk of the Court shall forthwith mail copies of this Order to the plaintiff's and the proposed intervenor's addresses on record.

**SO ORDERED** this 19th day of February, 2021.

REGGIE B. WALTON
United States District Judge

---

[2] The proposed intervenor's requests for judicial notice are denied for the same reasons his prior Claim for Judicial Notice, ECF No. 10, was denied in the Court's May 28, 2020 Order.  Specifically, the requests are denied because the document of which the proposed intervenor requests that the Court take judicial notice were created by the proposed intervenor, and "do not meet the high standard required for judicial notice." Stewart v. Stoller, No. 2:07-cv-552-DB-EJF, 2014 WL 1248072, at *2 (D. Utah Mar. 25, 2014) (denying the plaintiff's motion for judicial notice because the plaintiff "appears to have edited the proposed documents . . . [,] making a party to the suit the source of information of which that same party seeks the Court to take judicial notice"); see Scanlan v. Tex. A&M Univ., 343 F.3d 533, 537 (5th Cir. 2003) (stating that judicial notice of a "defendant-created report" "would have been improper because '[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'" (alteration in original) (quoting Fed. R. Evid. 201(b))).